# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-105-FDW

| | |
|---|---|
| JAMES MCCLELLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| FNU GABBY, Sergeant on the 'D' unit ) | |
| Housing at Marion Correctional, ) | |
| FNU CRAVER, Officer at Marion ) | |
| Correctional, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e).

## I. BACKGROUND

Pro se Plaintiff James McClelland is a North Carolina inmate incarcerated at Marion Correctional Institution, in Marion, North Carolina. Plaintiff filed this action on April 22, 2014, naming as Defendants "FNU Gabby," identified as a Sergeant on the "D" Unit Housing at Marion; and "FNU Craver," identified as an Officer at Marion. (Doc. No. 1).

Plaintiff brings the following allegations in his Complaint:

On April 13, 2014, Sergeant Gabby and officer Craver confiscated personal religious doctrine and a number combination system—one that are recorded in Davison Patent, Inc. (1) Officer Craver took information of occult material [Religious.Cultus] and denied me access to true devotion in prayer and meditation with the true reality. Also he removed a number system that enhance[d] multiple games of chance. By doing so it is possible that the parties mentioned above with its agents to duplicate, copy, or manufacture its use for personal or industrial gain. (2) Sergeant Gabby claim to have taken such material to the STG [security threat group] officer whereas in 2012 a sergeant Williams and officer Whiteside confiscated the same material but upon scrutiny and by legal rights restored

1

material to my personal. Such actions will show misuse of authority and a thrive
to gain knowledge of attaining wealth or other possessions that would necessitate
a[] life of comfort by unjust and due means. Sergeant Gabby also has violated my
religious practice by unlawfully intervening into that which are sacred and holy.
And have tampered with a system without permission from me. Nor Davison,
Inc. Inference and presumption of being stereotyped, profiled, and discriminated
against. A major significance to the jurisprudence of the state to be in conflict
with the Fourteenth Amendment. A failure to develop policy under Section 1983.

(Doc. No. 1 at 4). As requested relief, Plaintiff asks for the Court to order Defendants to stop harassing him, to have his material returned, to have his reputation restored, and to be compensated for an alleged "copyright and publication" violation.[1] (Id.).

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Plaintiff asserts that he has not exhausted his administrative remedies because DOC policy prohibits inmates from submitting grievances based on inmate infractions. See (Doc. No. 1 at 2). Plaintiff's allegations do not, however, appear to relate to a disciplinary infraction. In any event, because Plaintiff is barred from bringing this action without first paying the full filing fee, the Court does not address the exhaustion issue further.

Plaintiff is a frequent filer of civil rights actions. Plaintiff has filed four civil rights actions in this Court, at least three civil rights actions in the Eastern District of North Carolina, and at least five civil rights actions in the Middle District of North Carolina. At least three of these actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See <u>McClelland v. Smith</u>, Case No. 1:09cv126-JAB-PTS, Order, Doc. No. 5 (M.D.N.C.) (order dated April 7, 2009, adopting recommendation by magistrate judge and dismissing as frivolous, malicious, or for failure to state a clam, no appeal taken); <u>McClelland v. Greene</u>, Case No. 5:11-ct-3063-D, Order, Doc. No. 9 (E.D.N.C.) (dismissed on November 15, 2011, as frivolous, no appeal taken); <u>McClelland v. Teague</u>, Case No. 1:13cv49, Order, Doc. No. 13 (W.D.N.C.) (dismissed on May 17, 2013, for failure to state a claim, appeal dismissed July 2, 2013). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff's fails to demonstrate in his Complaint that he is under imminent danger of serious physical injury as required by § 1915(g). Therefore, this action will be dismissed without prejudice because Plaintiff has not paid the full filing fee.[2]

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee.

**IT IS, THEREFORE, ORDERED** that:

---

[2] Plaintiff is hereby on notice, however, that if he does refile this action after paying the filing fee, the allegations in his Complaint are not likely to survive initial review.

1. For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may present this § 1983 complaint in federal court. This action will, therefore, be dismissed without prejudice.

2. The Clerk is directed to note on the docket that, pursuant to 28 U.S.C. § 1915(g), Plaintiff must pay the full filing fee in any civil rights lawsuits filed in any federal district court <u>unless he can show that he is under imminent danger of serious physical injury as required by § 1915(g)</u>.

3. The Clerk is directed to mail this Order to the Eastern and Middle Districts of North Carolina.

Signed: May 15, 2014

Frank D. Whitney
Chief United States District Judge